IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARYN STEWART, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.: |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| PEE WEE PUMPS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Caryn Stewart ("Ms. Stewart") files her Original Complaint for Design Patent Infringement against Defendant Pee Wee Pumps, LLC ("PWP"), and hereby alleges, as follows:

### Nature of the Action

1. This action arises as a result of PWP's infringement of United States Design Patent No. D591,486 (the "'486 Patent") in violation of the Patent Act of the United States. Ms. Stewart seeks damages for PWP's infringement, enhancement of damages due to PWP's willful and knowing infringement, reasonable attorneys' fees and costs, a permanent injunction barring PWP from further infringement, and other appropriate relief.

### Parties

2. Caryn Stewart is an individual and a resident of Houston, Harris County, Texas.

3. Pee Wee Pumps, LLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, having a principal place of business a 10 South Hamilton Avenue, Greensburg, Pennsylvania 15601.

**Jurisdiction and Venue**

4. This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

5. The Court has personal jurisdiction over PWP because it has purposely availed itself of the privileges and benefits of the laws of the State of Texas. The exercise of personal jurisdiction over PWP by this Court is consistent with the Federal Due Process Clause because PWP has established minimum contacts with this forum such that the exercise of jurisdiction over PWP would not offend traditional notions of fair play and substantial justice. PWP has done and continues to do business in the State of Texas and with one or more of the residents of the State of Texas, including in this District, Houston, Harris County, Texas. PWP directs into the State of Texas, including this District, commerce, goods, and services. PWP is regularly doing business or soliciting business by virtue of PWP's sales and offers to sell through an interactive and commercial website which directs PWP's products to Texas residents and whereby PWP's products may be purchased through said website. In addition, PWP has entered into contracts with one or more residents of the State of Texas to supply products within the State of Texas, including in this District for the purpose of selling said products from retail stores in the State of Texas and in this District. PWP has offered and continues to offer products that constitute patent infringement of the '486 Patent in the State of Texas and in this District. PWP has made sales of infringing goods within the State of Texas and in this District. Accordingly, PWP has committed tortious injury to Ms. Stewart in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because PWP has transacted and continues to transact business within this District, has sold and continues to offer

for sale in this District products that constitute patent infringement which are a substantial part of the events giving rise to this action. In addition, venue is proper because Ms. Stewart is a resident of Houston, Harris County, Texas, and Ms. Stewart is suffering harm in this District.

**Background**

7. On May 5, 2009, the United States Patent and Trademark Office duly and legally issued United States Design Patent No. D591,486. The '486 Patent has remained in force since that time and continue to be in force. A copy of the '486 Patent is attached hereto as Exhibit A.

8. Ms. Stewart is the sole owner, via assignment, of the '486 Patent. The assignment from the original inventor was recorded on November 12, 2014 at reel and frame number 034208/0736. *See* Exhibit B.

9. The '486 Patent covers an ornamental design for an infant shoe. *See* Exhibit A.

10. PWP is in the business of selling infant crib shoes. In particular, PWP makes, uses, sells, offers for sale and/or imports infant crib shoes that embody the claimed design of the '486 Patent, including but not limited to, PWP's infant shoes identified on its commercial website as the Diva, Glamorous, Pretty in Pink, Sassy, Swanky and Wild Child ("Accused Products"). *See* Exhibit C.

11. The design of PWP's infant crib shoes is the same or substantially the same as the ornamental design of the '486 Patent. The PWP designs are so similar as to be nearly identical such that an ordinary observer, giving attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase PWP's products believing them to be substantially the same as the design protected by the '486 Patent.

12. The Accused Products have no substantial non-infringing uses.

13. Ms. Stewart, through counsel, provided actual notice to PWP of its infringement on repeated occasions at least as early as December 2, 2014. *See* Exhibit D. Accordingly, PWP has had actual knowledge of the '486 Patent since at least as early as December 2, 2014.

## Count I
**(Infringement of United States Design Patent No. D591,486)**

14. Ms. Stewart incorporates by reference the allegations contained in paragraphs 1-13 as if stated in full.

15. Despite receiving repeated notices of infringement, PWP has continued to engage in infringement of the '486 Patent. For more than a year, PWP has been aware of the '486 Patent, the objectively high likelihood that PWP's Accused Products infringe the '486 Patent, that the '486 Patent is valid and enforceable, and this objectively-defined risk was so obvious that PWP knew or should have known it.

16. PWP have infringed, and continue to infringe the '486 Patent by offering to sell, selling, making, using, and/or importing in this District and elsewhere in the United States, the Accused Products, the designs of which are substantially the same as the ornamental design of the '486 Patent in violation of 35 U.S.C. § 271.

17. PWP infringes the '486 Patent because in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the '486 Patent and the designs of the Accused Products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing a purchase of one while supposing it to be the design of the '486 Patent.

18. PWP's infringement of the '486 Patent were undertaken without authority, permission or license from Ms. Stewart.

19. Ms. Stewart has sustained damages and will continue to sustain damages as a result of PWP's acts of infringement. The injury to Ms. Stewart is irreparable and will continue unless and until PWP is enjoined from further infringement.

20. Ms. Stewart is entitled to a complete accounting of all revenues and profits derived by PWP from the unlawful conduct alleged herein, including without limitation, PWP's total profit pursuant to 35 U.S.C. § 289.

21. PWP has engaged and continues to engage in willful and deliberate infringement of the '486 Patent. Such willful and deliberate infringement justifies and entitled Ms. Stewart to an increase of three (3) times the damages to be assessed pursuant to 35 U.S.C. § 284 and a determination that this is an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

22. Ms. Stewart is entitled to a permanent injunction that restrains and enjoins PWP from further infringement of the '486 Patent.

## Jury Demand

Ms. Stewart respectfully demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, Ms. Stewart prays for a judgment as follows:

1. A judgment finding PWP liable for infringement of the claims of the '486 Patent;

2. A permanent injunction that enjoins PWP, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in an manner any of the claims of the '486 Patent, pursuant to at least 35 U.S.C. § 283;

3. An award of damages adequate to compensate Ms. Stewart for PWP's infringement of the '486 Patent, in an amount proven at trial, or in the alternative, an award of PWP's total profits under 35 U.S.C. § 289;

4. An award to treble damages, pursuant to at least 35 U.S.C. § 284;

5. A declaration that this is an exceptional case and that Ms. Stewart be awarded her attorneys' fees and expenses pursuant to at least 35 U.S.C. § 285;

6. An award of costs in bringing this action, pursuant to all applicable statutory and common law, including at least 35 U.S.C. § 284;

7. An award of Ms. Stewart's attorneys' fees pursuant to all applicable state statutory and common law.

8. Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

9. Post-Judgment interest; and

10. For such other and further relief that the Court deems just and equitable.

Respectfully submitted,

**BEIK LAW FIRM, PLLC**

/s/Paul S. Beik
Paul S. Beik
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Avenue, Suite 1000
Houston, Texas 77007 Tel: (713) 869-6975
Fax: (713) 868-2262
Email: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF
CARYN STEWART**